IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN J. MILES, #157867        *
          Plaintiff
    v.                      *    CIVIL ACTION NO. AW-06-651

STATE OF MARYLAND        *
                                             ***

**MEMORANDUM**

On March 7, 2006, this Court received for filing Kelvin Miles's Motion to Reopen the class action of *Carter v. Kamka*, Civil Action No. K-72-642.[1] Miles, who is confined at the Maryland Correctional Institution in Hagerstown, claims that he needs counsel appointed to file future federal habeas corpus petitions because he has little general education and no legal education. Paper No. 1. The Motion shall be construed as a 42 U.S.C. § 1983 civil rights complaint, raising an access-to-courts claim. For the following reasons, the Complaint shall be dismissed without prejudice.

Federal law regarding a prisoner's access to court and lawyers has evolved since the decision of *Carter v. Kamka*, 515 F.Supp. 825 (D. Md. 1980) (no right to library because of availability to adequate legal assistance program) and *Bounds v. Smith*, 430 U.S. 817 (1977) (state must affirmatively provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions). In the controlling case of *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that an inmate cannot establish a Fourteenth Amendment access-to-courts deprivation unless he can show that the official "interference" hindered his efforts

---

[1] In *Carter* this Court held that legal assistance provided by the State to Maryland prisoners through various prisoner assistance and public defender programs met constitutional access-to-courts requirements.

to pursue a legal claim and that he experienced an actual injury from the deprivation.[2]  *Id*. at 351-352.  This standard applies here.

Plaintiff alleges that he needs a person trained in the law to assist him in filing future applications for federal habeas corpus relief.  He has not shown, however, that his ability to prosecute a federal attack on his state sentences has been hindered.  Indeed, Plaintiff, a frequent litigator in this Court, has filed approximately twenty-six habeas corpus petitions attacking his Maryland convictions.  The petitions were dismissed either on the merits, as an abusive of the writ, or as successive.[3]

Plaintiff has failed to show a Fourteenth Amendment deprivation due to his alleged lack of access to a person trained in the law while he is confined in the Maryland Division of Correction.  His Complaint shall be dismissed.[4]  A separate Order follows.


Date:  March 21, 2006                             _____/s/_____
                                                  Alexander Williams Jr.
                                                  United States District Judge

---

[2]  *Lewis* held that the right of access extends only to suits attacking sentences and challenging conditions of confinement.  *See Lewis*, 518 U.S. at 356.

[3]  This Court observes that the successive petitions were dismissed without prejudice and Plaintiff was repeatedly provided the appropriate instructions and forms for filing a motion under 28 U.S.C. § 2244.

[4]  In light of the *sua sponte* dismissal of this action, Plaintiff shall not be ordered to comply with the requirements of 28 U.S.C. § 1915 under the Prison Litigation Reform Act.